UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 15-657 JGB (DTBx)** | Date | May 27, 2015 |
|---|---|---|---|
| Title | *Wilbur J. Steele, et al. v. J.P. Morgan Chase Bank, N.A.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present   None Present

**Proceedings:   Order: (1) STRIKING Defendant's Motion to Dismiss (Doc. No. 10); (2) STRIKING Plaintiffs' Motion to Remand (Doc. No. 16); and (3) VACATING the June 1, 2015 Hearing (IN CHAMBERS)**

Before the Court is Defendant's Motion to Dismiss (Doc. No. 10) and Plaintiffs' Motion to Remand (Doc. No. 16). The Court finds these matters appropriate for resolution without a hearing pursuant to Local Rule 7-15. After considering the papers timely filed in support of and in opposition to the motions, the Court STRIKES both motions for failure to abide by the Central District Local Rules and VACATES the June 1, 2015 hearings on the motions.

**I.   BACKGROUND**

On March 4, 2015, Plaintiffs Wilbur and Bobbie Steele ("Plaintiffs") filed a Complaint against Defendant JPMorgan Chase Bank, N.A. ("Defendant") in the Superior Court of California, County of Riverside. ("Compl.," Doc. No. 3-1.) The Complaint alleges that on August 4, 2007, Plaintiffs obtained a mortgage loan in the amount of $420,000.00 in order to purchase a house. (Compl. ¶ 8.) The house, which is Plaintiffs' primary residence, is located at 81382 Camino Sevilla, Indio, CA 92203. (Id. ¶ 1.) Defendant currently services Plaintiffs' mortgage loan. (Id. ¶ 10.)

In 2014, Plaintiffs ran into financial hardship and began seeking a loan modification. (Id.) Defendant instructed Plaintiffs to submit a loan modification application, which Plaintiffs did on January 5, 2015. (Id. ¶¶ 11-12.) A few days later, Plaintiffs, with the help of a non-profit organization, contacted Defendant to inquire about the status of their application and to request a Single Point of Contact ("SPOC"). (Id. ¶ 13.) A representative for Defendant allegedly stated that a SPOC would be assigned shortly. (Id.) However, after two weeks, Plaintiffs had not

received any correspondence regarding the SPOC or the status of their application. (Id.) On January 22, 2015, Plaintiffs called Defendant again, and were told that they needed to submit updated financial information. (Id. ¶ 16.) Plaintiffs allege they faxed the requested financial information on February 6, 2015. (Id. ¶ 17.) Plaintiffs allege their application has still not been processed, and that they are continuing to accrue late fees while they wait for an answer. (Id. ¶¶ 20-21.) Defendant has not filed a Notice of Default or attempted to begin the foreclosure process.

Based on the above allegations, Plaintiffs allege claims for: (1) violations of the California Homeowner's Bill of Rights ("HBOR"), Cal. Civ. Code §§ 2923.6 et seq.; (2) breach of the implied duty of good faith and fair dealing; (3) negligent misrepresentation; (4) negligence and negligence per se; and (5) unfair competition, in violation of Cal. Bus. & Prof. Code § 17200. (Id. ¶¶ 25-65.)

On April 6, 2015, Defendant removed the action, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Not. of Removal, Doc. No. 1.) On April 10, 2015, Defendant filed a Motion to Dismiss. ("MTD," Doc. No. 10.) The Notice of Motion stated that, pursuant to Local Rule 7-3's meet-and-confer requirement, Defendant's counsel "sent a letter to Plaintiffs' counsel" on April 7, 2015, to which "no response was received." (MTD Not. of Motion, Doc. No. 10, at 2.)

On April 17, 2015, Plaintiffs filed a Motion to Remand. ("MTR," Doc. No. 16.) Plaintiffs' Notion of Motion states that Plaintiffs' counsel attempted to meet and confer on April 13, 2015 by email, fax, and telephone, but "was unable to communicate to discuss the issues." (MTR Not. of Motion, Doc. No. 16, at 2.)

## II. LEGAL STANDARD

Local Rule 7-3 requires that "counsel contemplating the filing of any motion shall first contact opposing counsel *to discuss thoroughly, preferably in person*, the substance of the contemplated motion and any potential resolution. The conference shall take place *at least seven (7) days prior to the filing of the motion*." L.R. 7-3 (emphasis added).

The rule further provides that "[i]f the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party" must include in the notice of motion a statement (i) indicating that the motion is made following a conference of counsel pursuant to Local Rule 7-3 and (ii) specifying the date on which that conference occurred. See id.

## III. DISCUSSION

Here, neither side complied with their obligations under the Local Rules. Local Rule 7-3 clearly requires a party to meet and confer with opposing counsel at least seven days prior to filing any motion. See L.R. 7-3. "Attempting" to meet and confer does not meet the letter or the spirit of the rule. Moreover, Defendant allegedly sent their meet-and-confer letter on April 7, 2015, then filed their MTD three days later, on April 10, 2015. (See Doc. No. 10.) Plaintiffs filed their MTR four days after their attempt at meeting and conferring. Even if an "attempted"

meet and confer were sufficient – which it is not – the conference must still take place at least seven days, not three or four, before the filing of the motion. See L.R. 7-3.)

Such actions clearly run contrary to the requirements of Local Rule 7-3, the purposes of which are to avoid the filing of unnecessary motions and to put opposing counsel on notice that a motion is forthcoming. See, e.g., Bohn v. Pharmavite, LLC, No. CV 11–10430–GHK (AGRx), 2013 WL 4517173, at *1 (C.D. Cal. Feb. 5, 2013); Singer v. Live Nation Worldwide, Inc., No. SACV 11–0427 DOC (MLGx), 2012 WL 123146, at *1-2 (C.D. Cal. Jan. 13, 2012). A proper meet and confer and a discussion of both motions may have resolved or significantly narrowed the disputes requiring the Court's attention.

Because of both sides' failure to adequately meet and confer and otherwise comply with Local Rule 7-3, the Court STRIKES both Defendant's Motion to Dismiss (Doc. No. 10) and Plaintiffs' Motion to Remand (Doc. No. 16).

If the parties cannot resolve or narrow their disputes, they may re-file their motions as necessary. The Court admonishes the Parties to comply fully with the Local Rules going forward. Thus, Plaintiffs' counsel shall contact Defendant's counsel, and vice-versa, and "discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." L.R. 7-3. Because of both sides' failure to meet and confer before filing the first attempt at their motions, the Court orders that the next meet and confer between the Parties shall occur in person. The notice of motion accompanying any renewed motion shall include a statement confirming as much.

The Court notes that the central issue in this case is quite straightforward: Plaintiffs seek to have their loan modification application reviewed in a timely manner. A proper meet and confer could likely go a long way towards resolving this matter.

### IV. CONCLUSION

For the foregoing reasons, the Court STRIKES Defendant's Motion to Dismiss (Doc. No. 10) and STRIKES Plaintiffs' Motion for Remand (Doc. No. 16). The June 1, 2015, hearings are VACATED. If either Plaintiffs or Defendant elect to file a renewed motion, they must fully comply with Local Rule 7-3 and this order.

**IT IS SO ORDERED.**