# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 15-657 JGB (DTBx)** | Date | July 14, 2015 |
|---|---|---|---|
| Title | *Wilbur J. Steele, et al. v. J.P. Morgan Chase Bank, N.A.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order: (1) GRANTING Plaintiffs' Motion to Remand (Doc. No. 25); (2) REMANDING the Action to the Superior Court of California, County of Riverside; and (3) VACATING the July 20, 2015 Hearing (IN CHAMBERS)**

Before the Court is Plaintiffs' Motion to Remand (Doc. No. 25) and Defendant's Motion to Dismiss (Doc. No. 26). The Court finds these matters appropriate for resolution without a hearing pursuant to Local Rule 7-15. After considering the papers timely filed in support of and in opposition to the motions, the Court GRANTS the Motion to Remand and VACATES the July 20, 2015 hearing. As the case will be remanded, the Court does not address Defendant's Motion to Dismiss.

## I. BACKGROUND

### A. Procedural History

On March 4, 2015, Plaintiffs Wilbur J. Steele and Bobbie Steele ("Plaintiffs") filed a complaint against Defendant J.P. Morgan Chase Bank ("Defendant") in the Superior Court of California, County of Riverside. (Compl., Doc. No. 3-1)

On April 6, 2016, Defendant removed the action to this Court, asserting diversity jurisdiction. (Not. of Removal, Doc. No. 2.) On June 15, 2015, Plaintiffs filed a motion to remand. ("MTR," Doc. No. 25.) Defendant opposed on June 29, 2015. ("MTR Opp'n," Doc. No. 29.) Plaintiffs replied on July 9, 2015. ("MTR Reply," Doc. No. 32.)

On June 18, 2015, Defendant filed a motion to dismiss. ("MTD," Doc. No. 26.) Plaintiffs opposed on June 26, 2015. ("MTD Opp'n," Doc. No. 28.) Defendant replied on July 6, 2015. ("MTD Reply," Doc. No. 31.)

### B. Allegations in the Complaint

Plaintiffs' Complaint alleges the following facts. On August 24, 2007, Plaintiffs obtained a mortgage loan in the amount of $420,000.00 from Washington Mutual Bank, FA and purchased their residence, which is located at 81382 Camino Sevilla, Indio, CA 92203 (the "Property"). (Compl. ¶¶ 1, 8.) Defendant currently services Plaintiffs' mortgage loan. (Id. ¶ 10.)

Plaintiffs assert that Defendant advertises that loan modifications are available and that it is able to discuss modifications with applicants. (Id.) Plaintiffs allege they submitted a complete application for a loan modification on January 5, 2015. (Id. ¶ 12.) A few days later, Plaintiffs allegedly contacted Defendant and requested that a Single Point of Contact ("SPOC") be assigned. (Id. ¶ 13.) A representative for Defendant assured Plaintiffs that Defendant would not begin foreclosure proceedings while the loan modification application was under review. (Id.) However, Plaintiffs allege they did not receive any correspondence regarding either the assignment of a SPOC or the loan modification review for more than two weeks. (Id. ¶ 15.) Plaintiffs therefore contacted Defendant on January 22, 2015. (Id. ¶ 16.) A representative for Defendant advised Plaintiffs that updated financial information was needed, which Plaintiffs allege they faxed to Defendant on February 6, 2015. (Id. ¶ 17.)

Plaintiffs allege that they have not received any denial or approval of their loan modification application. (Id. ¶ 22.) Plaintiffs assert that Defendant never initiates contact with Plaintiffs, and that when Plaintiffs make contact, Defendant repeatedly requests updated documents, which Plaintiffs provide. (Id. ¶ 21-23.) Plaintiffs allege that as this seemingly never-ending cycle occurs, they continue to accrue late fees and other charges. (Id. ¶ 20.)

Based on these factual allegations, Plaintiffs assert various claims against Defendant. Specifically, the Complaint sets forth the following five claims:

(1) Violation of the California Homeowner's Bill of Rights ("HBOR") (id. ¶¶ 25-36);
(2) Breach of the Implied Covenant of Good Faith and Fair Dealing (id. ¶¶ 37-41);
(3) Negligent Misrepresentation (id. ¶¶ 42-49);
(4) Negligence and Negligence Per Se (id. ¶¶ 50-58); and
(5) Violation of California Business & Professions Code 17200 (id. ¶¶ 60-65);

In short, Plaintiffs seek to have Defendant review their application (in manner compliant with California law) and then make a final determination. Plaintiffs also seek ancillary damages flowing from Defendant's delayed review process.

## II. LEGAL STANDARD[1]

In general, a defendant may remove a case over which the federal courts have original jurisdiction.  28 U.S.C. § 1441(a).  Here, the purported basis for original jurisdiction is diversity of citizenship.  28 U.S.C. § 1332(a).  Diversity jurisdiction generally requires "complete diversity," that is, "each defendant must be a citizen of a different state from each plaintiff."  In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).  In addition, the amount in controversy must exceed $75,000, excluding interest and costs.  28 U.S.C. § 1332.  "The general federal rule has long been to decide what the amount in controversy is from the complaint itself."  Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961).

To remove a case, the defendant files a notice of removal in the federal district court in the district and division within which the state court action was pending.  28 U.S.C. § 1446(a).  The notice must contain "a short and plain statement of the grounds for removal"—in a case relying on diversity jurisdiction, that the parties are citizens of different states and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332(a)—"together with a copy of all process, pleadings, and orders" served previously on the removing defendant.  28 U.S.C. § 1446(a).

The plaintiff may then challenge the removal, for example, on the basis that the amount in controversy is insufficient to invoke the federal court's subject-matter jurisdiction.  In that case, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  Dart Cherokee Basin Operating Co. v. Owens, 135 S.Ct. 547, 554, 190 L.Ed.2d 495 (2014); see 28 U.S.C. § 1446(c)(2)(B).  If it has not, the court must remand the matter to state court.  28 U.S.C. § 1447(c).

## III. DISCUSSION

Plaintiffs contend that the amount in controversy does not exceed $75,000.  (MTR at 4-8.)  Defendants disagree.  (MTR Opp'n at 1-3.)  The parties' dispute centers on the proper measure of the amount in controversy in a suit that (1) alleges improper handling of a loan modification application and (2) seeks to enjoin the defendant from foreclosing until the loan modification review has been lawfully completed.

The Complaint specifically states that it seeks damages only "in an amount not to exceed $70,000."  (Compl., Prayer for Relief ¶ 2.)  Defendant does not contest that statement; rather, Defendant points out that Plaintiffs are seeking an injunction that would enjoin Defendant from "conducting further foreclosure activity," including "recording a Notice of Default, Notice of Trustee's Sale and/or conducting a Trustee's Sale" of the Property.  (Opp'n at 2 (citing Compl., Prayer for Relief, ¶ 3).)  Additionally, the only relief available to Plaintiffs under their claim that Defendant violated section 2923.7 of HBOR is an injunction against Defendant.  See Cal. Civ. Code § 2924.12(a)(1); Breining v. Ocwen Loan Servicing, LLC, 2015 WL 1405501, at *4 (E.D.

---

[1] Unless otherwise noted, all mentions of "Rule" refer to the Federal Rules of Civil Procedure.

Cal. Mar. 26, 2015) (holding that plaintiffs were limited to seeking injunctive relief where a Trustee's Deed Upon Sale had not been recorded).  Defendant contends that since Plaintiffs seek to enjoin any further foreclosure activity, the amount-in-controversy should include the value of the Property, which is undisputedly greater than $75,000.

The Court is not persuaded by this argument.  This is not a typical "wrongful foreclosure" case, as Plaintiffs are not asserting that the mortgage loan should be invalidated or rescinded, and are not seeking a permanent injunction.  Plaintiffs merely seek a final decision on their loan modification application, and ask the Court to enjoin Defendant from pursuing foreclosure until it has properly complied with HBOR's requirements for loan-modification application review.  Thus, the value of the Property itself should not factor into the amount-in-controversy calculus.

Other courts who have examined this issue have come to the same conclusion.  As another court in this district recently explained, "[c]ourts have roundly rejected the argument that the amount in controversy is the entire amount of the loan where a plaintiff seeks injunctive relief to enjoin a foreclosure sale pending a loan modification."  Vergara v. Wells Fargo Bank, N.A., No. SACV 15-00058-JLS, 2015 WL 1240421, at *2 (C.D. Cal. Mar. 17, 2015) (emphasis in original).  This is because, as is the case here, "the primary relief sought by plaintiff is a temporary delay of the foreclosure proceedings, and the amount of the loan at issue would therefore not be a relevant measure of damages."  Cheng v. Wells Fargo Bank, N.A., No. SACV10–1764–JLS (FFMx), 2010 WL 4923045, at *2 (C.D. Cal. Dec. 2, 2010); see also Jauregui v. Nationstar Mortgage LLC, No. EDCV 15-00382-VAP, 2015 WL 2154148, at *4 (C.D. Cal. May 7, 2015) (remanding action where plaintiff sought only injunction of foreclosure activity "until a written determination on [his] loan modification application is conveyed to [him] in accordance with [HBOR]" and did not seek to challenge defendant's right to collect on the outstanding loan amount); Vonderscher v. Green Tree Servicing, LLC, No. 2:13–CV–00490–MCE, 2013 WL 1858431, at *4 (E.D. Cal. May 2, 2013) ("Numerous other courts have found that when a plaintiff does not seek to rescind the loan at issue, but instead seeks damages in an unspecified amount ... the amount in controversy is not properly gauged by the loan amount."); Landa v. Flagstar Bank, FSB, No. 10CV1429–L (BGS), 2010 WL 2772629, at *2 (S.D. Cal. July 13, 2010) (remanding action where plaintiffs sought an "injunction against foreclosure" but were "not seeking loan rescission").

Defendant, in opposing remand, cites Hendricks v. Wells Fargo Bank, N.A., 2015 WL 1644028 (C.D. Cal. Apr. 14, 2015).  However, that case appears to be at odds with the weight of authority discussed above.  Furthermore, it does not address the logical problem inherent in Defendant's argument: Plaintiffs do not seek to invalidate the mortgage loan or to permanently enjoin Defendant from foreclosing.  If they did, the value of the Property would be "in controversy".  Rather, Plaintiffs seek to enjoin Defendant from foreclosing until it complies with HBOR and reaches a final decision on their loan modification application.

The only relevant binding authority highlights this crucial distinction.  In Garfinkle v. Wells Fargo Bank, 483 F.2d 1074 (9th Cir. 1973), the Ninth Circuit held that diversity jurisdiction existed where the plaintiff sought to permanently enjoin the bank from initiating a foreclosure sale, based on the argument that California's nonjudicial foreclosure statute was unconstitutional.  483 F.2d at 1076.  In their Notice of Removal, Defendant cites Chapman v.

Deutsche Bank Nat. Trust Co., 651 F.3d 1039, 1045 (9th Cir. 2011) to support its amount in controversy argument. However, Deutsche Bank concerned a quiet title action, and thus the property truly was the "object of the litigation." 651 F.3d at 1045 fn. 2. Here, where the case centers on Plaintiffs' loan modification application, it cannot be said that the Property itself is the litigation's object. Instead, the more appropriate test for determining the amount-in-controversy in this case is "the pecuniary result to either party which the judgment would directly produce." Cross v. Home Loan Mortg. Corp., CV 11-04728 DMG (RZx), 2011 WL 2784417, at *2 (C.D. Cal. July 15, 2011). Defendant makes no argument that a judgment in this case would lead to a pecuniary result of over $75,000 for either party, and the Court cannot see how it could.

In light of the above, the Court finds that the amount-in-controversy requirement has not been satisfied. The Court therefore GRANTS Plaintiffs' Motion to Remand.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion to Remand, and REMANDS the action to the California Superior Court, County of Riverside. The July 20, 2015 hearing is VACATED.

**IT IS SO ORDERED.**